IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHEN THOMAS ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16cv221-SRW |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**[2]

Plaintiff Stephen Thomas Andrews commenced this action on March 31, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying his application for disability, disability insurance benefits, and Supplemental Security Income. *See* Doc. 1; Doc. 12; Doc. 13. Plaintiff alleged disability as of February 20, 2013 due to "[t]horacic / lumbar / cervical disc disease / neuropathy" and "septic shock." Doc. 14-6 at 6. On August 26, 2014, Administrative Law Judge Walter V. Lassiter, Jr. ("the ALJ") issued an adverse decision.[3] *See* Doc. 14-2 at 21-44. The

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time of the ALJ's decision and the filing of this appeal.

[3] Plaintiff was represented by counsel at the hearing before the ALJ. *See* Doc. 14-2 at 21.

1

Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See id.* at 2-8.

In the instant appeal, the plaintiff requests that the court remand this cause to the Commissioner under sentence four of § 405(g). *See* Doc. 12. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 9, 10. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded. Plaintiff also moves for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 241(d). *See* Doc. 12 at 8. This motion will be denied without prejudice. Plaintiff may file a renewed motion for EAJA fees and a supporting brief after the entry of final judgment in this case.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not

decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION

The ALJ found that the plaintiff suffers from the severe impairments of

> obesity; status post carpal tunnel release, bilaterally; multilevel degenerative abnormalities, lumbar spine; status post anterior cervical discectomy and fusion; multilevel degenerative disc disease with very minimal degree of

4

> ventral cord compression, with annular bulging at virtually all levels, and history of diskitis / osteomyelitis, thoracic spine; chronic defects, bifrontal, brain; history of lesion, left frontal lobe with encephalomalcia; arthroscopic debridement, left knee; arthritis; history of aortic valve infective endocarditis with ongoing mild-to-moderate leaking and mild sclerosis; and history of small right subcortical, subacute cerebrovascular accident (20 CFR 404.1520(c) and 416.920(c)).

Doc. 14-2 at 23. The ALJ also decided that the plaintiff's

> medically determinable impairments of interstitial fibrosis of the bilateral lungs; obstructive sleep apnea; diabetes mellitus, Type 2; hypertension, gastroesophageal reflux disease; status post sinus surgery; long history of tobacco abuse; mild anemia and thrombocytopenia; and mild cardiomegaly and pulmonary venous congestion, do not cause more than minimal limitation in the [plaintiff's] ability to perform basic physical work activities and are therefore [non-severe].

*Id.* at 23-24. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meet or medically equal a listed impairment. *See id.* at 25.

The ALJ considered all of the plaintiff's severe or non-severe impairments "in determining the [plaintiff's] residual functional capacity" ("RFC"). *Id*. The ALJ made the following RFC determination:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can sit at least two hours without interruption and a total of at least six hours over the course of an eight-hour workday. The claimant can stand and/or walk at least one hour without interruption and a total of at least six hours over the course of an eight-hour workday. The claimant can occasionally use his lower extremities for the operation of foot controls. The claimant can occasionally use his upper extremities for reaching overhead. He can frequently use his upper extremities for pushing, pulling, handling, and fingering. There are no other limitations involving his extremities. The claimant cannot climb ladders, ropes, poles or scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can frequently balance. The claimant can occasionally stoop, kneel and crouch. The claimant cannot crawl. The claimant can

> occasionally work in humidity, wetness, and extreme temperatures. The claimant can occasionally work in dusts, gases, odors and fumes. The claimant cannot work in poorly ventilated areas. The claimant cannot work at unprotected heights. The claimant can frequently work with operating hazardous machinery. The claimant can occasionally operate motorized vehicles. The claimant can frequently work while exposed to vibration.

*Id.* at 27. At step four, the ALJ found that the plaintiff can perform his past relevant work as a technical writer. *See id.* at 41. The ALJ made alternative findings at step five, based in part on the testimony of a vocational expert, that the plaintiff can perform other jobs that exist in sufficient numbers in the national economy. *See id.* at 42-43. The ALJ's findings resulted in a determination that the plaintiff is "not disabled." Doc. 14-2 at 43.

The plaintiff makes four arguments in favor of remand. First, he asserts that the ALJ erred by finding that the plaintiff's medically determinable impairments of

> interstitial fibrosis of the bilateral lungs; obstructive sleep apnea; diabetes mellitus, Type 2; hypertension; gastroesophageal reflux disease; status post sinus surgery; long history of tobacco abuse; mild anemia and thrombocytopenia; and mild cardiomegaly and pulmonary venous congestion[,]

are not severe impairments. Doc. 12 at 3. Second, the plaintiff asserts that the ALJ did not consider the plaintiff's impairments "in combination."[4] *Id.* Third, he argues that the ALJ was required to obtain an opinion from a "qualified medical expert regarding whether the [plaintiff's] impairments meet or are medically equal to a Listed Impairment." *Id.* at 5 (citing Doc. 14-11 at 46). Finally, the plaintiff contends that the ALJ "failed in his duty to

---

[4] The ALJ is required to consider the plaintiff's severe and non-severe impairments collectively. *See Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) ("Where a claimant has alleged several impairments, the Secretary has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled."). The ALJ's written decision demonstrates that the ALJ satisfied this requirement. *See* Doc. 14-2 at 25-42.

develop a full and fair record" as to plaintiff's "memory problems" and chronic obstructive pulmonary disorder ("COPD"). *Id.* at 7. The plaintiff asserts that the ALJ should have obtained "a psychological evaluation" to assess the severity of plaintiff's memory impairment and "pulmonary function studies to determine the extent of the [p]laintiff's pulmonary impairment[.]" *Id.* The Commissioner opposes remand. *See* Doc. 13. After careful consideration, the court finds that the plaintiff's third argument merits remand. Accordingly, except as expressly discussed herein, the plaintiff's remaining arguments are not reached in this decision.

I. **The ALJ was required to obtain additional expert testimony.**

The plaintiff argues that, "Because of the complexity of this case, the ALJ erred in failing to seek the advice of a medical expert" in determining whether the plaintiff met or equaled a listing impairment.[5] Doc. 12 at 6. For the reasons discussed below, the plaintiff is correct that the ALJ was required to obtain such medical expert testimony as a matter of law, and that such evidence does not appear in the administrative record.

An impairment or combination of impairments "is medically equivalent to a listed impairment … if it is at least equal in severity and duration to the criteria of any listed

---

[5] The Eleventh Circuit explains the difference between meeting or equaling a Listing as follows:

> To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment. *See id.*

*Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

impairment." 20 C.F.R. § 416.926(a). The ALJ "is responsible for deciding the ultimate legal question whether a listing is met or equaled." SSR 96-6P, 1996 WL 374180, at *3 (S.S.A. July 2, 1996). In so doing, however, the ALJ is required to "consider the opinion given by one or more medical or psychological consultants designated by the Commissioner." 20 C.F.R. § 416.926(c). *See also Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 663 (11th Cir. 1987) ("When deciding medical equivalence, the Secretary must consider the medical opinion of one or more designated physicians on an advisory basis.") (citing 20 C.F.R. § 416.926(b)); *Vinson v. Colvin*, 2016 WL 676418, at *4 (M.D. Ala. Feb. 18, 2016) ("An ALJ's finding regarding medical equivalence must be supported by an opinion as to medical equivalence from a physician or psychologist designated by the Commissioner.") (citations omitted). The Commissioner does not argue that the plaintiff's legal argument is incorrect or that appropriate expert, consultative medical evidence appears in the administrative record. *See* Doc. 13 at 7-10. Also, the court itself scrutinized the record and found no such evidence.

The medical evidence of record in this case is substantial. Notably, a consultative examiner, Dr. Alan Babb, observed that the plaintiff's "case" is "very interesting and complex." Doc. 14-11 at 46. Dr. Babb wrote that, "The situation with [plaintiff's] endocarditis is particularly interesting because of the unusual organism involved and the fact that the aortic valve was infected." *Id.* Dr. Babb indicated that a "particularly rare organism" caused the plaintiff's endocarditis and the "key thing now is to determine whether or not there is something mechanically wrong with the aortic valve and whether or not conceivable it could still be infected." *Id*. Dr. Babb hoped that "the valve does not

8

need to be replaced." *Id.* Dr. Babb further offered the opinion that plaintiff's thrombocytopenia "needs to be evaluated and resolved by a hematologist," and that additional documentation and testing regarding the plaintiff's diabetes "would be very helpful." *Id.* In short, Dr. Babb indicated that further development of the medical records and additional medical testing were needed. In this case, although the Commissioner obtained consultative medical evidence from Dr. Babb, Dr. Babb did not offer opinions or findings concerning the plaintiff's RFC or whether the plaintiff's impairments meet or equal the listings. *See id.* at 41-47.

The Commissioner's arguments do not cure the legal error and the absence of material, necessary evidence in the record. The Commissioner argues that the ALJ "properly considered and cited Listings 1.02, 1.04, 1.00Q, 3.02, 4.02, 11.04, and 11.14, but noted that the objective evidence from the treating and examining physicians did not demonstrate that [p]laintiff met or equaled the strict requirements of any of the Listings." Doc. 13 at 8 (citing Doc. 14-2 at 25-27). According to the Commissioner, because the ALJ considered the objective medical evidence of record, his decision "regarding the Listings is supported by substantial evidence." *Id.* The ALJ's analysis of the evidence and the plaintiff's impairments is indeed extensive, and a consultative medical examiner was appropriately designated by the Commissioner, but the examiner did not supply the necessary expert opinion evidence regarding the plaintiff's impairments and the listing requirements. This is legal error. *See Wilkinson on Behalf of Wilkinson*, 847 F.2d at 663; *Vinson*, 2016 WL 676418, at *4; 20 C.F.R. § 416.926(b) & (c).

At all times, the plaintiff bears the burden "to show that his impairment matches a listing," *Sullivan v. Zebley*, 493 U.S. 521, 530 (1991), and the plaintiff has the burden of producing medical evidence to support his claim that impairments medically equal a listing, *see Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987). The ALJ has a duty to develop a full record, *see Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (20 C.F.R. § 416.912(d)), which includes soliciting consultative medical expert evidence as to whether the plaintiff's impairments meet or equal a listing, *see Wilkinson on Behalf of Wilkinson*, 847 F.2d at 663. Because the record lacks such expert medical evidence, the correct legal standards were not applied and the ALJ's findings at Step Three are not supported by substantial evidence. The ALJ is not required to accept the medical source's findings or opinions, *see* SSR 96-6P, 1996 WL 374180, at *3, but the expert evidence must be included in the administrative record and considered by the ALJ. *See Wilkinson on Behalf of Wilkinson*, 847 F.2d at 663; *Vinson, supra*.

Under these circumstances, the court must remand this matter for additional proceedings. *See Cornelius*, 936 F.2d 1143, 1145-46 (a district court must reverse when correct legal standards were not applied by the Commissioner).

**CONCLUSION AND ORDER**

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. The court does not reach plaintiff's arguments that are not expressly discussed herein. The court expects that the Commissioner will consider plaintiff's

arguments as to those issues on remand as well, and will develop the record as is necessary in areas not expressly considered in this opinion.

In addition, it is

ORDERED that plaintiff's motion for an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 241(d), *see* Doc. 12, is DENIED without prejudice.

DONE, on this the 22nd day of September, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge